# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICK GERARD LYNCH,**

        Petitioner,

v.                                          Case No. 15-CV-692

**JENNIFER MCDERMOTT,**[1]

        Respondent.

## DECISION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

### 1. Facts and Procedural History

Patrick Gerard Lynch, wearing a mask and gloves and armed with a handgun, entered the Tobacco Outlet Plus in Wauwatosa, Wisconsin on the evening of August 22, 2011. (ECF No. 14-1 at 19.) Pointing the gun at the clerk, Lynch demanded that she give him all the store's money. (ECF No. 14-1 at 19.) Upon receiving the money, he fled the store and got into a car driven by his friend, Jimmie L. Perkins.

---

[1] Lynch is incarcerated at the Kettle Moraine Correctional Institution. *See* Offender Locator, Wisconsin Department of Corrections, available at https://appsdoc.wi.gov/lop/detail.do (last visited Oct. 8, 2019). The warden of that institution is Jennifer McDermott. *See* https://doc.wi.gov/Pages/OffenderInformation/ AdultInstitutions/KettleMoraineCorrectionalInstitution.aspx. (last visited Oct. 8, 2019). In accordance with Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the caption is updated accordingly.

A couple of weeks later, Lynch and Perkins attempted another armed robbery, this time of a gas station. Again, Perkins drove and Lynch, armed with a handgun, attempted the robbery. The employees of the gas station refused his demands for money, and one armed himself with a baseball bat and chased Lynch out of the store. Once outside, Lynch fired a shot into the air. (ECF No. 14-1 at 20.)

Lynch and Perkins eventually admitted to eight other armed robberies of businesses in Milwaukee, Waukesha, and Ozaukee counties. (ECF No. 14-1 at 20.)

Pursuant to a plea agreement, Lynch pled guilty. "In exchange for Lynch's guilty pleas to the two counts charged in the complaint, four additional counts of armed robbery and one additional count of attempted armed robbery would be read-in and the State would recommend an unspecified amount of prison time. Lynch was free to argue for a lesser sentence." (ECF No. 1-1, ¶ 3.) Specifically, the Plea Questionnaire / Waiver of Rights form included the following handwritten notations as to the terms of the plea agreement: "Plea to charges – state will recommend prison up to court – defense is free to argue for lesser sentence." (ECF No. 27-2 at 1.) At the plea hearing, the prosecutor recounted the agreement as follows: "The defendant, as I've indicated, will be pleading guilty to both counts in the complaint. The State will be recommending prison, leaving the amount up to the Court. There are five armed robberies read-ins." (ECF No. 14-1 at 21.)

2

A presentence investigation report that the defense had prepared noted that Perkins had received concurrent sentences of six years of initial confinement and four years of extended supervision as to each count. (ECF No. 1-1, ¶ 4.) The presentence report recommended a similar sentence for Lynch. (ECF No. 1-1, ¶ 4.)

At sentencing, the prosecutor responded to the contention that it was appropriate for Lynch to receive a sentence comparable to Perkins:

> He and Mr. Perkins are not similarly situated in that regard because Mr. Perkins did come forth with his confession at an earlier point prior to Mr. Lynch, and I can indicate that I did inform Judge Watts at the time of sentencing that Jimmy Perkins had agreed, if necessary, should Mr. Lynch have taken his case to trial, that he would testify against Mr. Lynch, and based on his cooperative response with the police and in fact defense counsel played a portion of the interview with Mr. Perkins for Judge Watts to show that the detective was commenting on Mr. Perkins' cooperation in providing information to the police.

(ECF No. 14-1 at 23-24.) The court imposed sentences for Lynch totaling 17-and-a-half years of initial confinement and seven-and-a-half years of extended supervision. (ECF Nos. 1-1, ¶ 6 6; 14-1 at 25-26.)

Lynch appealed. He argued that, by noting that Perkins was not similarly situated with Lynch, the prosecutor breached the plea agreement to leave the length of any sentence up to the court. He further argued that his attorney was ineffective for not objecting to this alleged breach of the plea agreement.

The court of appeals rejected these claims and found that the prosecutor was merely providing the context necessary so the court would be informed and able to craft

a sentence in light of all the relevant factors. (ECF No. 1-1, ¶ 12.) It noted that under state law a plea agreement cannot bar a prosecutor from providing the court with relevant information. (ECF No. 1-1, ¶ 13 (quoting *State v. Ferguson*, 166 Wis. 2d 317, 324, 479 N.W.2d 24 (Ct. App. 1991).) The court stated that the plea agreement did not prohibit a prosecutor "from commenting on the degree of seriousness of the offenses and the co-defendants' respective involvement and/or criminal history. The facts are the facts. The defendant's culpability is a relevant factor which may be considered at sentencing." (ECF No. 1-1, ¶ 14.) Thus, the court concluded that the state did not breach the plea agreement and, consequently, trial counsel had no basis for objecting. (ECF No. 1-1, ¶ 15.)

After the Wisconsin Supreme Court denied Lynch's petition for review (ECF No. 1-1 at 1), he filed a petition for a writ of habeas corpus with this court on June 8, 2015. On May 26, 2016, the court granted Lynch motion to stay these proceedings and hold his petition in abeyance so he could present in state court a new claim of ineffective assistance of appellate counsel. (ECF No. 32.)

On July 27, 2018, the court granted Lynch's request to vacate the stay and proceed with his petition. (ECF No. 41.) The court gave Lynch until September 10, 2018, in which to file any amended petition. The court further ordered Lynch to file any additional brief in support of his original or amended petition no later than September

10, 2018. (ECF No. 41.) The court also gave the respondent time to file a brief in opposition. (ECF No. 41.)

Neither Lynch nor the respondent filed anything further. Thus, the court has no information about any proceedings that may have occurred in state court during the time this action was stayed. The only claims before this court are the two claims Lynch presented to the state courts as part of his direct appeal of his conviction. (ECF No. 1 at 6-7.) The relevant pleadings are Lynch's original petition (ECF No. 1), the respondent's answer (ECF No. 14), and Lynch's brief in support (ECF No. 27).

## 2. Legal Standard

A federal court may consider habeas relief for a petitioner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Following the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court generally may grant habeas relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Miller v. Smith*, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1), (2)).

### 3. Analysis

"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello v. New York*, 404 U.S. 257, 260 (1971). If a defendant was induced to enter a plea by a promise of the prosecutor, the prosecutor must honor that promise. *Id.* at 262. Thus, "the State 'is not permitted to pull the rug out from under a defendant who has negotiated a plea agreement by taking steps to induce the judge to give a higher sentence.'" *Campbell v. Smith*, 770 F.3d 540, 548 (7th Cir. 2014) (quoting *United States v. Hauptman*, 111 F.3d 48, 51 (7th Cir. 1997)). "The issue whether a prosecutor substantially and materially breached a plea agreement is a question of law." *Id.* at 547 (citing *United States v. Kelly*, 337 F.3d 897, 901 (7th Cir. 2003)).

The state agreed to not recommend any specific sentence; the length of imprisonment was to be left to the court. The prosecutor did not breach this agreement by noting that Lynch was not similarly situated to his co-defendant. Granted, the implication was that Lynch deserved a harsher sentence than Perkins had received. But the prosecutor did not argue for any specific term of imprisonment. As such, the prosecutor's argument was not inconsistent with the terms of the plea agreement. The prosecutor merely noted relevant aggravating factors and put Lynch's culpability in perspective. This was both appropriate and essential, given that the judge sentencing

Lynch had neither accepted Lynch's guilty plea nor sentenced Perkins. (ECF No. 1-1, ¶¶ 10, 13.) Providing the court with information about Lynch's culpability relative to Perkins was not only consistent with the terms of the plea agreement but expected of a prosecutor under Wisconsin law regardless of any term of a plea agreement. *See State v. Williams*, 2002 WI 1, 249 Wis. 2d 492, 518-19, 637 N.W.2d 733, 745 ("Neither may a prosecutor agree to keep relevant information from the sentencing judge, according to the court of appeals. Such an agreement is against public policy and cannot be respected by the court.").

Because the state did not breach the plea agreement by noting that Lynch and Perkins were not similarly situated, the court of appeals' decision was not contrary to nor an unreasonable application of federal law, including *Santobello v. New York*, 404 U.S. 257 (1971). Nor was it unreasonable for Lynch's trial counsel to not object to those statements. Therefore, the court of appeals' decision concluding that Lynch was not denied the effective assistance of counsel was not contrary to nor an unreasonable application of federal law, including *Strickland v. Washington*, 466 U.S. 668 (1984). Lynch's petition will be denied.

Finally, the court concludes that Lynch has failed to make a substantial showing of a denial of constitutional right. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. Therefore, the court will deny him a certificate of appealability.

**IT IS THEREFORE ORDERED** that Lynch's petition for a writ of habeas corpus is denied and this action is dismissed. The court denies Lynch a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of October, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge